**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-30779

(Summary Calendar)
_____

In The Matter Of:   JOANN L ULMER

Debtor,

DAN FRISARD,

Appellant,

versus

CYNTHIA LEE TRAINA,

Appellee.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(96-CV-3804-F)

---

February 16, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

This case arises out of the Chapter 7 bankruptcy proceedings

of JoAnn Ulmer, in which Dan Frisard ("Frisard") is a creditor and

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cynthia Traina ("Traina"), the bankruptcy trustee. Frisard is also a defendant in related litigation brought by Traina in the bankruptcy court, and a defendant in a Louisiana state court suit in which Traina is an intervenor.

Frisard's appeal arises from his Motion to Remove Trustee filed in the bankruptcy court. Following an evidentiary hearing, the bankruptcy court denied Frisard's motion without prejudice and stated that Frisard could refile his motion when it was warranted. Frisard sought leave to appeal the bankruptcy court's order in the district court. *See* 28 U.S.C. § 158(a)(3). The district court refused to grant Frisard leave to appeal, holding that the bankruptcy court's decision was an interlocutory order and that Frisard presented no evidence warranting leave to appeal. *Id*.

Frisard appeals the bankruptcy court's denial of his Motion to Remove Trustee and the district court's holding that the bankruptcy court's order was interlocutory. Traina argues that this Court lacks jurisdiction to hear Frisard's appeal because it is from an interlocutory order in the bankruptcy court. *See In re Greene County Hosp.*, 835 F.2d 589, 591 (5th Cir. 1988) (holding that we do not have jurisdiction to review interlocutory orders from bankruptcy court). Frisard asserts two grounds for our jurisdiction: he argues (1) that the bankruptcy court's order is not collateral, and that as a final order, it is appealable to this Court; and (2) that a failure by this Court to review the

-2-

bankruptcy court's denial of his Motion to Remove violates his due process rights.  We disagree on both counts.

With regards to his due process claim, Frisard puts forth no case and makes no argument that he has a liberty or property interest in our review of an interlocutory order from the bankruptcy court.  As for his first claim, the district court correctly found that the bankruptcy court's denial of Frisard's Motion to Remove Trustee was an interlocutory order.  A final order is "one which ends the litigation . . . and leaves nothing for the court to do but execute the judgment."  *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945); *see also In re Greene County Hosp.*, 835 F.2d at 595 ("A final order must 'conclusively determine substantive rights.'") (quoting *In re Delta Services Industries*, 728 F.2d 1267, 1271 (5th Cir. 1986).

Frisard does not dispute that his motion was denied without prejudice and that there continues to be substantive proceedings in the bankruptcy court.  In light of these facts, we agree with the district court that the bankruptcy court's order was interlocutory.  This disposes of Frisard's claim; we have held that "[a] district court may, in its discretion, take jurisdiction over interlocutory appeals from the bankruptcy court, but we have no such discretion. We have jurisdiction only over final orders."  *See In re Greene County Hosp.*, 835 F.2d at 591; *cf. In re Aegis Specialty Marketing Inc.*, 68 F.3d 919, 921 (5th Cir. 1995) ("This court has stated

'that when a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not 'final' and therefore not appealable under § 158(d)." ) (quoting *In re Nichols*, 21 F.3d 690, 692 (5th Cir. 1994).

This Court lacks jurisdiction to entertain Frisard's appeal. It is hereby DISMISSED.